UNITED STATES of America and Richard W. Le Bar, Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

Paul DONEY, as President of Paul's Automobile Sales, Inc., Paul's Automobile Sales, Inc., James E. Ordowski, and Harold P. Conner, Respondents-Appellants.

No. 76–2138.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1977.

Clyde R. Maxwell, Newport Beach, Cal., submitted briefs for respondents-appellants.

Lawrence Semenza, U. S. Atty., Reno, Nev., Scott P. Crampton, M. Carr Ferguson, Asst. Attys. Gen., U. S. Dept. of Justice, Tax Div., Crombie J. D. Garrett and Carleton D. Powell, Attys., Washington, D. C., for petitioners-appellees.

Before BROWNING, KOELSCH and SNEED, Circuit Judges.

PER CURIAM:

The district court properly ordered enforcement of the IRS summons.

The only circumstances relied upon to establish abuse of process was that prior to the filing of the petition for enforcement only special agents of the Intelligence Division of the IRS appeared in the investigation. That fact alone is not enough to carry the taxpayer's burden of showing that the

 

investigation was wholly criminal in purpose. *Donaldson v. United States*, 400 U.S. 517, 534–36, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

█ Enforcement was not barred by the taxpayer's fifth amendment privilege. The taxpayer included the income of the automobile business in the corporate tax returns and omitted it from his personal returns; he cannot now claim the records of that business to be personal rather than corporate records. *United States v. Theodore*, 479 F.2d 749, 752–53 (4th Cir. 1973).

Affirmed.